## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANTHONY GRENIER, individually and
On behalf of all others similarly situated

     Plaintiff,                            Case No.:

v.

LIBERTY-ANN PAINTING INC., and
JONATHON SAVARESE,

     Defendants.

---

## COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT SECTION 216(b)

---

Plaintiff, ANTHONY GRENIER, brings this lawsuit individually and behalf of all others similarly situated against the above captioned Defendants, LIBERTY-ANN PAINTING INC., and JONATHON SAVARESE, (collectively referred to as "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") for failure to pay overtime compensation at a rate of 1.5 times her regular rate of pay for all hours worked over forty hours a week.

### *Introduction*

1. As explained herein, an employer violates the FLSA when it does not pay overtime compensation to an hourly, non-exempt employee at rates of one and one half times the employee's regular rate of pay.

2. Employees are either exempt or non-exempt and the key to determination of exempt status does not depend on employer's general characterization of job; what is important is what

employee actually does on day-to-day basis. *Ale v. Tennessee Valley Authority,* 269 F.3d 688, 691 (6th Cir. 2001).

3.   It is well settled that employees are *presumed* to be non-exempt; that is, that they are entitled to overtime at the rate of time and one half their regular hourly rate for hours worked after 40 each week. *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

4.   There is no exemption to the FLSA in this case, but to the extent one is asserted the Defendant "must [it] establish through clear and affirmative evidence that the employee meets every requirement of an exemption." *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

5.   Plaintiff is, and at all times relevant, was a non-exempt employee under the Fair Labor Standards Act as he was a manual laborer whose sole job duties were painting.  He routinely worked in excess of 40 hours per week and was not paid an overtime premium for the overtime hours worked.  He has suffered damages as a consequence.

### *The Parties*

6.   Plaintiff is a Florida resident who began working for Defendants within the meaning of the FLSA from January, 2016 through September, 2016.

7.   Plaintiff is able and willing to represent the interests of the putative class of similarly situated persons.

8.   Defendant, Liberty-Ann Painting Inc. is a Florida corporation, with a principal address of 8205 Delaware Drive, Spring Hill, Florida 34607.

9.   Defendant Liberty-Ann Painting, Inc. lists Defendant, Jonathon Savarese, as its registered agent with an address for service as 9088 Marcus Blvd, Brooksville, Florida  34613.

10. Defendant, Jonathon Savarese ("Savarese"), is a Florida resident and an individual who conducts business in the state of Florida.

11. Savarese is Liberty-Ann Painting Inc.'s President, highest ranking officer and upon information and belief either the sole owner or 50% owner.

12. Savarese is also the day to day general manager of Liberty-Ann Painting Inc. and the supervisor of the Plaintiff.

13. Savarese sets employee work schedules, rates of pay for all employees, including the Plaintiff and otherwise instructs the Plaintiff and the other employees as to their job duties and requirements.   Savarese also created the unlawful pay practices complained of herein.

14. As an officer, manager, and or owner of the Defendant Liberty-Ann Painting Inc., he is an employer within the meaning of the FLSA.  *See In re Van Diepen, P.A.*, 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

15. Upon information and belief, in the past 3 years, Defendant has employed 50 or more persons performing work as painters similar to the Plaintiff.

### *Jurisdiction*

16. The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

17. This Court has personal jurisdiction over Defendants because one is a company organized under the laws of Florida, and also operates business inside the State of Florida, and within this district.

18.  This Court has personal jurisdiction over the individual Defendant because Defendant is a Florida resident and/or is engaged in business within the State of Florida, and within this district.

19.  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred in the Middle District of Florida, specifically in Spring Hill, Florida, and Defendants are subject to personal jurisdiction within this District and division as it engaged in business therein.

### *Plaintiff's Job*

20. Plaintiff was a manual laborer and painter.

21. His duties regularly consisted of painting duties.

22. Plaintiff did not manage employees.

23. Plaintiff did not exercise discretion and independent judgment in any facet of his work.

### *Dates of Employment*

24. Plaintiff began his employment with Defendants on or around January 2016.

25. He continues to work for the Defendants through September, 2016.

### *Rates of Pay*

26. Plaintiff was started at $9.00 per hour paid and last was paid an hourly rate of $10.75 per hour, and Plaintiff received numerous raises throughout his employment.

27. Plaintiff was paid only his base hourly rate for each overtime hour worked in each of the work weeks.

28. According to the records of Defendant, Plaintiff worked approximately 484 overtime hours, for which he was paid again, only straight time and not any overtime premium.

29. Plaintiff was paid the overtime in cash, "off the books", thus causing harm to his record of Social Security Earnings, as well as being a willful violation of Federal Wage laws for employers and tax violations.

### Hours Worked

30. During Plaintiff's employment, Plaintiff regularly worked in excess of 40 hours in a week and he was never paid time and a half (1.5) for this work.

31. The Defendants are aware that the Plaintiff regularly worked more than forty (40) hours a week.

32. Defendants required Plaintiff to work more than forty (40) hours in many workweeks.

33. Defendants did not compensate Plaintiff time and a half (1.5) for all hours worked in excess of forty (40) in any given workweek.

### Evidence of Hours

34. Evidence reflecting the precise number of overtime hours worked by Plaintiff, as well as the applicable compensation rates, is in the possession of the Defendants.

35. Some of these records indicate work performed by the Plaintiff in excess of 40 hours in a workweek without any overtime premium pay.

36. However, these records may not entirely be accurate or not have actually recorded all the hours the Plaintiff worked.

37. If these records are unavailable or unreliable, Plaintiff may establish the hours he worked solely by his testimony, and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

### *Defendants Bad Faith in Stealing Wages*

38. Defendants' failure to pay failure to pay overtime compensation at the rate of 1.5 times Plaintiff's regular rate of pay was a knowing and willful violation of the FLSA.

39. Defendants *knew* they should be paying Plaintiff, and all other similarly situated employees, overtime at rates of one and one half times the employee's regular rate of pay, and tax and report the wages, but willfully refused to do so.

40. Defendants *were aware* of the federal law concerning overtime wages and that they were subject to the FLSA overtime wage requirements.

41. Defendants misrepresented to Plaintiff, and all others similarly situated, that paying cash and straight time for overtime was a lawful pay practice, thus Defendant operated an unlawful common pay practice.

42. Defendants did not check with counsel to determine whether their pay practices were in compliance with the Fair Labor Standards Act, and could not have, as an employer paying workers in cash in an of itself violates laws or regulation.

43. Defendants did not check with the Department of Labor to determine whether their pay practices were in compliance with the Fair Labor Standards Act.

44. Accordingly, Plaintiff, and all others similarly situated, are entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid at the default rate of one and one half times their regular rates of pay, an equal sum in liquidated damages, and attorneys' fees under the FLSA's three-year statute of limitations.

45. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the putative class of similarly situated persons.

### ***Coverage under the FLSA***

46.      Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint.  Said differently, Defendants are subject to the FLSA.

47.      During the times relevant to this Complaint, Liberty-Ann Painting Inc. employed more than ten employees and has, upon information and belief, generated more than $500,000.00 in revenues for the past three years.

48.      At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

49.      The FLSA defines "employer" as any "person" acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).   *See also Boucher v. Shaw*, 572 F.3d1087, 1090 (9th Cir. Nev. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer," but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

50.      Defendants employed Plaintiff as an employee within the meaning of the FLSA § 203.

51.      Plaintiff brings this action on behalf of the following proposed putative class of similarly situated persons:

> **All persons who were employed by Liberty Ann Painting Inc. as a full time employee during a period of three years preceding this filing of this lawsuit or who continue to perform work after the filing of this lawsuit on a full time basis, as hourly paid workers.**

## COUNT 1
## Overtime Due Under the FLSA
## 29 U.S.C. § 207
## (As to All Defendants)

52. Plaintiff re-alleges paragraphs 1-45 as if fully set forth in this Count.

53. Plaintiff brings this Complaint for violations of the FLSA to recover unpaid wages in violation of the overtime requirements, liquidated damages, interest, and reasonable attorneys' fees.

54. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA. Further, Defendants knew of all the hours Plaintiff worked.

55. As started herein, Plaintiff was entitled to overtime compensation at a rate no less than time and a half (1.5) his regular rate of pay for hours he worked beyond forty in any given workweek.

56. Plaintiff worked overtime routinely throughout his employment with Defendants, working past the scheduled forty-hour, 7:00 a.m. to 3:00 p.m. shift, Monday through Friday and also working on weekends.

57. Plaintiff also witnessed other employees working overtime hours, and receiving cash.

58. Defendants did not pay Plaintiff or other employees, overtime compensation at a rate of one and one half times (1.5) their regular rate of pay for these hours worked over forty in a given workweek.

59. Defendants' failure to pay Plaintiff overtime compensation at a rate not less than time and a half (1.5) the minimum wage for all hours worked over forty (40) in a given workweek is a willful violation of the FLSA, in particular, 29 U.S.C. § 207.

60. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

61. Due to Defendants' FLSA violations, Plaintiff has suffered damages and is  entitled to recover from Defendants the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

62. Defendants compensated Plaintiff and other employees in cash for overtime hours, and Plaintiff witnessed other employees receiving cash from Defendants for work performed.

63. Defendant maintained an unlawful, common pay practice of overtime hours not being recorded on time cards, payments in cash, and payments at straight time only, without a premium for the overtime pay.

64. Plaintiff and the similarly situated persons did not request their pay in cash, and did not have discretion or a choice to put the overtime pay through the company payroll.

65. Defendants cannot have, and do not have a good faith basis for paying hourly employees in cash, including the Plaintiff and the similarly situated members, for any overtime hours worked, whether at straight time or time and one half.   Thus Defendants know Plaintiff, and all other members of the putative class of similarly situated are entitled to liquidated damages for all overtime hours worked.

66. Plaintiff was not provided the option by Defendants to be paid his overtime hours by check, and through normal payroll and tax procedures.

67. Defendants created the pay practices and policies complained of, including how to fill out time cards with instructions to put down only 7:00 a.m. to 3:00 p.m. for each full day, and not record any overtime hours, or the exact times starting and finishing work on any given day.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

    a.   That the Court finds the Defendants in violation of the overtime compensation provisions of the FLSA and that the Court finds that Defendants' violation of the FLSA was and is willful;

    b.   That the Court conditionally certify this case as a collective action under Section 216(b) of the FLSA and authorize notice to be distributed to the putative class of their rights to opt into this action;

    c.   That the Court award Plaintiff, and all other similarly situated persons, overtime compensation for all the previous hours worked over forty (40) hours, in any given workweek the balance of the time and one half due and owing in compensation, AND liquidated damages of an equal amount; in addition to attorneys' fees and costs under § 216 of the FLSA; and

    d.   An order awarding reimbursement of all back taxes and requirement that Defendant provide an amended W-2 for the overtime wages previously paid in cash.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this 26th day of January, 2017.

*/s/ Mitchell L. Feldman, Esquire*
Mitchell L. Feldman, Esquire
FBN:  0080349
Mitchell L. Feldman, Esq., P.A.
18801 N. Dale Mabry Hwy. #563
Tampa, Florida 33548
T: 813 639-9366
F: 813 639-9376
E:  mlf@feldmanlegal.us